IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JACLYN LEE HENDERSON,<br><br>Defendant. | CR 21–07–BLG–DLC<br><br><br><br>ORDER |

Before the Court is Defendant Jaclyn Lee Henderson's Unopposed Motion to Continue Trial and Associated Deadlines. (Doc. 18.) For the reasons explained, the Motion is denied without prejudice.

As grounds for Henderson's motion, counsel explains she is newly appointed to the CJA panel, she contracted COVID-19 and was stuck in quarantine for 20 days in early March—which disrupted her work calendar, and she has consequently only met with her client once. (*Id.* at 18.) She explains that she needs more time to review discovery and effectively counsel her client. (*Id.*) Moreover, counsel claims that Henderson's co-defendant, Mr. Merrill, "is set to be arraigned the day *after* Ms. Henderson's change of plea deadline of April 7, 2021." (*Id.*)

1

The Court is certainly sympathetic to counsel's need for additional time to adequately prepare and counsel Henderson on the merits of her case. However, counsel fails to make the legal arguments necessary for the Court to grant relief.

A district court may grant a continuance and exclude the time period of the continuance from the calculation of the speedy trial deadline when "the ends of justice served by [the continuance] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether an "ends of justice continuance" is appropriate, a district court must consider, inter alia, whether the failure to grant the continuance will result in a miscarriage of justice; whether the case is so unusual or complex that it is unreasonable to expect adequate preparation within the time limits imposed by the Speedy Trial Act; and whether the case, while not inordinately complex or unusual, would nonetheless deny counsel the reasonable time necessary for effective preparation. *Id.* § 3161(h)(7)(B). An "ends of justice continuance . . . must be specifically limited in time[] and . . . must be justified on the record with reference to the facts as of the time the delay is ordered." *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997) (internal quotation marks, alterations, and citation omitted). Any additional time is properly excluded under the Speedy Trial Act "only if the district court makes certain findings enumerated in [§ 3161(h)(7)]." *Bloate v. United States*, 559 U.S. 196, 203 (2010).

Although counsel's argument could be construed as a request under § 3161(h)(7)(B)(iv) (time excludable when the "failure to grant such a continuance" would "deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence"), in order for the Court to grant the relief sought, counsel must bring a motion under the Speedy Trial Act.  At this juncture, the Court is uncertain whether Henderson is aware that, in requesting a continuance, she is voluntarily sacrificing the excludable days from her speedy trial rights.  *See* 18 U.S.C. § 3161(a), (c)(1).  Moreover, the Court is unable to grant any request for a continuance without counsel explicitly stating how much additional time is needed for effective preparation.  *Lloyd*, 125 F.3d at 1268.  Henderson's motion makes no such specific request.

These legal errors aside, counsel appears to be operating under the mistaken belief that Henderson must submit any desired change of plea motion by April 7, 2021.  As plainly stated in the Court's scheduling order, the April 7, 2021 motions deadline refers to all pretrial motions "*other than motions to enter a guilty plea.*" (Doc. 17 at 6.)  Henderson's deadline to inform the Court of whether she intends to change her plea is not until May 6, 2021.[1]  (*Id.* at 1.)  Accordingly,

---

[1] Additionally, as counsel points out, Henderson's co-defendant Wesley Merrill is set to be arraigned on April 8, 2021.  Given this, a motion to continue trial for Henderson may ultimately become unnecessary.  *See* 18 U.S.C. § 3161(h)(6).  In making this observation, the Court does

3

IT IS ORDERED that the Motion (Doc. 18) is DENIED without prejudice.

DATED this 23rd day of March, 2021.

_____
Dana L. Christensen, District Judge
United States District Court

---

not intend to discourage counsel from bringing a second motion to continue, in the event Henderson's case requires one.