IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 21–07–BLG–DLC |
| Plaintiff, | |
| vs. | ORDER |
| JACLYN LEE HENDERSON, | |
| Defendant. | |

Before the Court is Defendant Jaclyn Lee Henderson's Motion for Early Termination of Supervision. (Doc. 83.) Neither the United States nor Ms. Henderson's United States Probation Officer object to her early termination. (*Id.* at 1–2.) The Motion will be granted.

## BACKGROUND

Ms. Henderson was sentenced on September 22, 2021, to a term of 30 months incarceration and five years of supervised release following a guilty plea to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Supervision initially commenced on December 29, 2023.

## DISCUSSION

Under federal law, this Court may:

after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a

1

term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, [1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Ms. Henderson began her 5-year term of supervised release on December 29, 2023, rendering her statutorily eligible for the premature termination of her remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Ms. Henderson's supervised release.  Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Ms. Henderson waives it, or if the proposed modification is favorable to her and the United States does not object. The premature termination of Ms. Henderson's supervised release is obviously favorable to her and the United States does not object. (Doc. 83.) Accordingly, the Court will dispose of this matter without a hearing.

2

among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 821.

The Court finds that consideration of the foregoing factors supports the early termination of Ms. Henderson's remaining term of supervised release. Ms. Henderson has been employed at various Billings restaurants since her release from custody, and she is currently employed at Outback Steakhouse as a server. Ms. Henderson has had stable housing since her release and participated in therapy until 2025. Ms. Henderson has had only one known instance of noncompliance in August 2025 and has otherwise remained in compliance with the conditions of her release. The Court wishes her luck.

Accordingly, IT IS ORDERED that the motion (Doc. 83) is GRANTED.

IT IS FURTHER ORDERED that Ms. Henderson's remaining term of supervised release is TERMINATED as of the date of this Order. The Clerk of Court is directed to notify the United States Probation Office for the District of Montana of the making of this Order.

3

DATED this 8th day of July, 2026.

Dana L. Christensen, District Judge
United States District Court